IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>    WALTER VEGA,<br><br>        Petitioner,<br>v.<br><br>MARCUS HARDY, Warden,<br>    Stateville Correctional Center,[1]<br><br>        Respondent. | No. 09 CV 4257<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Petitioner Walter Vega, an inmate at Stateville Correctional Center, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons below, the petition is denied. The court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of one count of aggravated criminal sexual assault and one count of aggravated criminal sexual abuse, and was sentenced to concurrent prison terms of 28 and 7 years, respectively. At his trial, the evidence established that, on May 3, 1999, petitioner approached A.H., a seventeen year old girl, grabbed her by the back of the neck, told her not to move because he had a knife, and led her into a gangway. Once in the gangway, petitioner made contact between his penis and her vagina, anus, and mouth. After the assault, petitioner warned

---

[1] Marcus Hardy has replaced Frank Shaw as the warden at Stateville Correctional Center, where petitioner is imprisoned, and is thus the proper respondent. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Hardy is hereby substituted as respondent.

her: "this never happened, I saw where you live and I can hurt you and I'll hurt your family." Nine months later, A.H. saw petitioner and called the police, who arrested him. While in police custody, petitioner gave a written confession.

Petitioner appealed his conviction, arguing that his trial counsel was ineffective for three reasons: 1) failing to win suppression of a self-incriminating statement petitioner had made; 2) allowing the prosecutor to allude to the investigation of petitioner's involvement in other crimes; and 3) failing to object to comments the prosecutor made during closing argument. The Illinois Appellate Court affirmed. People v. Vega, No. 1-04-2409 (Ill. App. Ct. Feb. 28, 2006). Petitioner failed to file a petition for leave to appeal ("PLA") to the Illinois Supreme Court or a petition for a writ of certiorari to the Supreme Court of the United States.

On November 21, 2006, petitioner filed a pro se postconviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq. Petitioner argued: (1) the statutes under which petitioner was convicted were "unauthorized" because the legislation renaming them was not intended to create criminal laws; and (2) the prosecution had violated his due process rights by attempting to "inflame the passions of jurors by employing gender bias" in stating (in the context of explaining jury instructions) that "[t]here is a certain segment of the population[,] and ladies I think you are going to know what I am talking about, that don't always like to read directions before they set up a high chair, before they install a DVD player." The trial court dismissed the petition, finding that both arguments lacked merit. People v. Vega, No. 00 CR 6531 (Cook County Cir. Ct. Jan. 19, 2007). The court further found that because petitioner had already raised the second claim on direct appeal, it was barred by res judicata. Id.

On appeal, petitioner was represented by the Office of the State Appellate Defender. His counsel filed a motion for leave to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), asserting that there were no issues of arguable merit for appeal because petitioner failed to raise either of his two claims on direct appeal (and because the first argument was meritless and the second would be either procedurally barred or barred by res judicata). Mot. to Withdraw, People v. Vega, No. 1-07-0405 at 4, citing People v. King, 192 Ill.2d 189, 193 (2000). Petitioner alleges, and the Illinois Appellate Court recognized, that petitioner filed a response. People v. Vega, No. 1-07-0405, at 2 (Ill. App. Ct. Oct. 24, 2008) ("Defendant has filed a number of pro se responses objecting to counsel's motion and the assessment of the merits of his case."). According to respondent, however, these documents cannot be located; the court will thus assume that petitioner filed a response with the claims asserted in his postconviction PLA. People v. Vega, No. 107818, at 11-17. The court granted the motion to withdraw and, finding no issues of arguable merit, affirmed the dismissal of petitioner's postconviction petition. People v. Vega, No. 1-07-0405 (Ill. App. Ct. Oct. 24, 2008).

Petitioner filed a PLA in the Illinois Supreme Court, raising three claims: (1) the Illinois Appellate Court's application of Finley conflicted with the Illinois Constitution; (2) the Illinois Appellate Court failed to comply with Finley because it dismissed petitioner's appeal without requiring his counsel to consult with him; and (3) on appeal of the trial court's dismissal of his postconviction petition, petitioner was denied due process and effective assistance of counsel. People v. Vega, No. 107818, at 2, 10-11. The Illinois Supreme Court denied petitioner's PLA. Notice of PLA Denial, People v. Vega, No. 107828 (Ill. March 25, 2009).

On July 15, 2009, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising five claims:

(A) the Illinois Appellate Court unreasonably applied <u>Finley</u> by dismissing petitioner's appeal without requiring his appointed counsel to consult with him and review the record;

(B) the trial court's jury instructions and the prosecution's closing argument both constructively amended petitioner's indictments;

(C) by constructively amending petitioner's indictments, the trial court and prosecution deprived petitioner of his right to make a closing argument;

(D) petitioner was denied a unanimous jury verdict because some jurors might have found him guilty only of oral penetration, which his indictment did not mention; and

(E) Illinois's statutory definition of "penetration" is unconstitutional because it "allowed petitioner to be convicted of an act of penetration when he was only guilty of an act of sexual conduct."

## DISCUSSION

**I.    Legal Standards**

Under the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA"), 28 U.S.C. § 2254, a petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" the Court. <u>Williams v. Taylor</u>, 526 U.S. 362, 405-06 (2000).

4

A federal habeas court "may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Jackson v. Frank, 348 F.3d 658, 662 (7th Cir. 2003). The court can issue a writ only if it determines that the state court's application of federal law was "objectively unreasonable." Williams, 562 U.S. at 409. It is a difficult standard to meet, because unreasonable means "something lying well outside the boundaries of permissible differences of opinion." McFowler v. Jaimet, 349 F.3d 436, 447 (7th Cir. 2003).

Further, before a state habeas petitioner pursues his claims in federal court, the AEDPA requires that he must exhaust his remedies in the state courts. 28 U.S.C. § 2254(b): Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007). Failure to properly exhaust state remedies can occur in either of two situations: (1) when the petitioner fails to present his claim to the state court, and the state court would now bar presentation of the claim; or (2) when the state court has decided the claim on the basis of an adequate and independent state procedural ground. Conner v. McBride, 375 F.3d 643, 648 (7th Cir. 2004), citing Coleman v. Thompson, 501 U.S. 722, 729 n.1 (1991), and Ford v. Georgia, 498 U.S. 411, 423-24 (1991). If the petitioner's claims are not exhausted in state court, they are procedurally defaulted and a federal court may not consider them on the merits.

Under Illinois state law, "any claim of substantial denial of constitutional rights not raised in the original or an amended [postconviction] petition is waived" on postconviction review. 725 ILCS 5/122-3; People v. Pendleton, 861 N.E.2d 999, 1009 (Ill. 2006) (citations omitted). In addition, "any issues considered by the court on direct appeal are barred by the doctrine of res judicata, and issues which could have been raised on direct appeal [but were not]

5

are deemed waived" on Illinois postconviction review. People v. Harris, 794 N.E.2d 181, 187 (Ill. 2002), citing People v. West, 719 N.E.2d 664, 669-70 (Ill. 1999).

A federal court may excuse procedural default if the petitioner demonstrates either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To demonstrate cause and prejudice, the petitioner must show that an "objective factor external to the defense impeded [petitioner's] counsel's efforts to comply with the State's procedural rule," such as: "(1) interference by officials that makes compliance . . . . impractical; (2) constitutionally ineffective assistance of counsel; [or] (3) a showing that the factual or legal basis for a claim was not reasonably available to counsel." Guest, 474 F.3d at 929 (internal quotations omitted). "Fundamental miscarriage of justice . . . is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent.

## II. Habeas Petition

Claim A, which asserts that the Illinois Appellate Court violated Pennsylvania v. Finley, 481 U.S. 551 (1987), by affirming the dismissal of petitioner's postconviction petition without ensuring that counsel had reviewed the trial record and consulted with petitioner, is meritless. Despite petitioner's assertions to the contrary, Finley does not require counsel to review the state court record or consult with a postconviction petitioner before moving to withdraw. Regardless, petitioner presents no evidence that his lawyer failed to review the record or consult with him. In fact, petitioner's PLA indicates that his lawyer did consult with him: "The appellate defender informed petitioner by phone conversation that she was having a difficult time finding merit in

6

the claims the petitioner raised in his post conviction review." PLA, People v. Vega, No. 1078181, at 10.

Further, because petitioner did not fairly present his other four claims in a full round of review in the Illinois courts, they are procedurally barred. These claims were presented only in petitioner's postconviction PLA, which included these claims in a list of arguments that petitioner asserted he had raised "in his response to counsel's Finley motion before the court of appeals." PLA, People v. Vega, No. 1078181, at 11, 13-16.

Because merely including claims in a response to a Finley motion does not satisfy the fair presentment requirement, petitioner did not raise the claims in the Illinois Appellate Court. The Seventh Circuit has explicitly "reject[ed] the notion that a petitioner fairly presents his federal claim to the state courts when he raises that claim for the first time in an appellate brief after his lawyer has filed a motion to withdraw under Finley." Woods v. Schwartz, 589 F.3d 368, 374 (7th Cir. 2009), quoting Lewis v. Sternes, 390 F.3d 1019, 1031 (7th Cir. 2004). Petitioner nonetheless argues that he raised these claims "using a method that would allow the court, in its discretion, to consider" them. For this proposition, he cites Kizer v. Uchtman, No. 04-2763, 2006 WL 265486, at *3-4 (7th Cir. Feb. 3, 2006), an unpublished decision holding that a pro se motion to supplement an appeal qualifies as fairly presenting the claims to the state appellate court. Petitioner did not, however, file a motion for leave to file a supplemental appeal. Further, contrary to petitioner's understanding of Seventh Circuit law, whether a state court invites a petitioner to raise additional issues is irrelevant to this court's assessment of procedural default under the AEDPA. Nor has petitioner argued that there is cause for his default and resulting prejudice, or actual innocence.

### III.  Certificate of Appealability

Petitioner requests that the court issue a certificate of appealability on his argument that "an appellate court[']s inviting an appellant to raise issues of arguable merit on appeal (in response to appellate counsel[']s Finley motion) fairly presents those claims." A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing that he was denied a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Evans v. Circuit Court of Cook County, Ill., 569 F.3d 665, 667 (7th Cir. 2009). When the court has denied a habeas claim on procedural grounds, it may issue a certificate of appealability if the petitioner shows that, (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack, 529 U.S. at 485. This court cannot conclude that jurists of reason would find it debatable whether petitioner procedurally defaulted his claims B, C, D, and E. See id. (explaining that courts should consider the procedural question before the constitutional one). As discussed above, it is clear that petitioner did not present these claims through one full round of state review. Petitioner's procedural default is not even arguably excepted by cause and prejudice or by fundamental miscarriage of justice. The court thus declines to certify any issues for appeal. See 28 U.S.C. § 2253(c)(2).

### **CONCLUSION**

For the reasons discussed above, the petition for a writ of habeas corpus is denied, and the court declines to certify any issues for appeal. Petitioner's request to proceed on appeal in forma pauperis is denied as moot.

**ENTER:** March 29, 2011

_____
**Robert W. Gettleman
United States District Judge**